AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Central District of California

FILED
CLERK, U.S. DISTRICT COURT
OCT 17 2019
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

United States of America

v.

OSCAR MARTINEZ,

Defendant.

Case No. 19MJ04407

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of September 13, 2019 in the county of Los Angeles in the Central District of California, the defendant violated:

LODGED
2019 OCT 17 PM 2:01
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. §§ 1326(a), (b)(2) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
*Complainant's signature*

Minerva Bolivar, Deportation Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/17/19

CHARLES F. EICK
*Judge's signature*

City and state: Los Angeles, California

CHARLES F. EICK
U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT

I, Minerva Bolivar, being duly sworn, declare and state as follows:

### I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against Oscar Martinez ("MARTINEZ"), charging him with violating Title 8, United States Code, Sections 1326(a) and (b)(2), Illegal Alien Found in the United States Following Deportation.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF DEPORTATION OFFICER MINERVA BOLIVAR

3. I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since June 2009. I am currently assigned to the Los Angeles Enforcement and Removal Operations ("ERO") field office.

## III. STATEMENT OF PROBABLE CAUSE

4. On or about September 09, 2019, DO Nicolas Gonzalez notified me that MARTINEZ, a previously deported criminal alien, was present in the United States and at large in Los Angeles, County, California. Based on this notification, I undertook the present investigation of MARTINEZ.

5. On or about September 13, 2019, ICE ERO Fugitive Operations Team 9, while conducting surveillance on 2648 Walnut St., Huntington Park, CA 90255, observed MARTINEZ leaving his residence and at this time MARTINEZ was identified as a previously deported criminal alien.

6. Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States. I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

7. On or about September 13, 2019, I obtained and reviewed the digitized DHS A-File A077-187-311, which is maintained for the subject alien MARTINEZ. The A-File contained the following documents and information:

a. Photographs of the subject alien to whom DHS A-File A077-187-311 corresponds. DO Gonzalez compared the photographs in the A-File to the surveilled individual that DO Gonzalez saw on or about September 13, 2019. Based on that

comparison, DO Gonzalez determined that DHS A-File A077-187-311 and its contents correspond to MARTINEZ.

b. One executed Warrant of Removal/Deportation (I-205) indicating that MARTINEZ was officially removed from the United States on or about November 13, 2012. I know from my training and experience that a Warrant of Removal/Deportation is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contain the subject's photograph, signature, and fingerprint. The executed Warrant of Removal/Deportation in MARTINEZ's DHS A-File contains his photograph, signature, and fingerprint.

c. Various documents, in addition to the Warrant of Removal/Deportation, indicating that MARTINEZ is a native and citizen of Mexico. These documents include: (i) two Notices of Intent to Issue a Final Administrative Removal Order, dated July 31, 2008 and November 13, 2012, ordering MARTINEZ removed to Mexico; (ii) two Records of Inadmissible/Deportable Alien (Form I-213) dated June 18, 2008 and May 30, 2012 showing that MARTINEZ is a native and citizen of Mexico.

d. A certified conviction record showing that MARTINEZ was convicted on or about June 16, 1998, of 2nd Degree Robbery, in violation of California Penal Code 211, with an enhancement for personally using a firearm in the commission of the crime, in violation of California Penal Code 12022.5(a)(1) in the Superior Court of the State of California, County of Los

Angeles, Case Number VA047866, for which MARTINEZ was sentenced to 15 years' imprisonment.

8. On or about September 13, 2019, I reviewed the printouts of the Criminal Identification Index ("CII"). Based on my training and experience, I know that the CII database tracks and records arrests and convictions of individuals according to an individual's CII number. The CII printouts confirmed that MARTINEZ had been convicted of the crimes reflected on the document contained in MARTINEZ's DHS A-File.

9. On or about September 13, 2019, I reviewed the printouts of ICE computer indices on MARTINEZ. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The ICE computer indices confirmed that MARTINEZ had been removed, deported, and/or excluded on or about the dates indicated on the Warrant of Removal/Deportation found in MARTINEZ's DHS A-File. The ICE computer indices further indicated that MARTINEZ had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

10. Based on my review of MARTINEZ's DHS A-File, I determined that it does not contain any record of his ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States. Based on my training and experience, I know that

such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in MARTINEZ's DHS A-File.

## IV. CONCLUSION

11. For all the reasons described above, there is probable cause to believe that OSCAR MARTINEZ has committed a violation of Title 8, United States Code, Sections 1326(a) and (b)(2), Illegal Alien Found in the United States Following Deportation.

/s/

Minerva Bolivar
Deportation Officer
United States Immigration and Customs Enforcement

Subscribed to and sworn before me this 17th day of October, 2019.

CHARLES F. EICK

UNITED STATES MAGISTRATE JUDGE